UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 19, 2012

LETTER TO COUNSEL

RE: Denise Finlay v. Michael J. Astrue, Commissioner of Social Security;
Civil No. SAG-10-2020

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 3, 7). On July 23, 2010, claimant Denise Finlay petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 17, 23). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Finlay filed her claim for SSI on July 10, 2007. (Tr. 11). The Appeals Council denied Ms. Finlay's request for review (Tr. 1-3), so the July 9, 2009 decision of Administrative Law Judge William L. Akers ("the ALJ") is the final, reviewable decision of the agency.

The ALJ determined that Ms. Finlay retained the residual functional capacity ("RFC") to perform "the full range of sedentary work as defined in 20 CFR 416.967(a)." (Tr. 13). The ALJ clarified, "Specifically, the undersigned finds the claimant can sit for eight hours, stand/walk in 30 minute increments totaling two hours and can lift/carry five pounds frequently and ten pounds occasionally." *Id*. The ALJ found that there are jobs that exist in significant numbers in the national economy that Ms. Finlay can perform, basing that determination, in part, on testimony from a vocational expert ("VE"). (Tr. 15). The ALJ therefore determined that Ms. Finlay is not disabled. (Tr. 16).

Ms. Finlay claims that the ALJ erred in several ways. She argues that the ALJ did not base his determination of her RFC on substantial evidence; that the ALJ failed to properly evaluate her credibility; and that the ALJ erroneously relied on the testimony of the VE following a faulty hypothetical question. Pl.'s Mot. 3-14. Although I find that the ALJ provided

*Denise Finlay v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-2020
October 19, 2012
Page 2

adequate support for his negative credibility evaluation, I agree with Ms. Finlay that the ALJ's opinion is deficient in its explanation of the rationale for her RFC, and that the ALJ needs to clarify a potential discrepancy between the RFC and the hypothetical question posed to the VE. The case will therefore be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Finlay was ineligible for SSI was correct or incorrect.

**1. The ALJ Failed to Properly Evaluate Ms. Finlay's RFC.**

RFC is an assessment regarding what a claimant can do despite his or her physical or mental limitations. *See* SSR 96–8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1546(c); 404.946(c). To determine a claimant's RFC, the ALJ will consider all of the claimant's impairments, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2). The RFC assessment is based on all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(3). In determining a claimant's RFC, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. *See* SSR 96–8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. *Id.*

Ms. Finlay contends that the ALJ erred in evaluating her RFC. In fact, the ALJ's opinion lacks adequate information for me to determine whether he conducted a valid inquiry. The ALJ cites no medical reports supporting his assessment that Ms. Finlay "can sit for eight hours, stand/walk in 30 minute increments totaling two hours and can lift/carry five pounds frequently and ten pounds occasionally." (Tr. 13). The ALJ's analysis focuses almost exclusively on the reasons why he deems Ms. Finlay's testimony about her limitations to be less than credible. (Tr. 14-15). The ALJ's express justification for his RFC consists of the following statements, "The above residual functional capacity assessment is supported by the medical records in evidence. While it is reasonable to conclude that the claimant is not able to perform work that requires her to be on her feet all day, there is no medical reason she is unable to perform sedentary work." (Tr. 15). Except in the context of contrasting Ms. Finlay's hearing testimony about her pronounced limitations with her lack of complaints to her treating doctor, Dr. Dennis M. Hall, the ALJ makes no reference whatsoever to Dr. Hall's opinions or to the opinions of other SSA reviewing physicians. The ALJ makes no specific assignment of weight to the opinions of any physicians.

An RFC assessment is acceptable if it includes "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Social Sec.,* Civil No. SAG–10–1828, 2011 WL 6130605 at *4 (D. Md. Dec. 7, 2011); *see also Coles v. Astrue*, Civil No. JKS 08–321, 2009 WL 3380334 (D. Md. Oct. 16, 2009) ("Once all of the relevant evidence has been considered, then the ALJ may express the RFC in terms of the exertional levels of work.") (citing SSR 96–8p at *3.) Although the ALJ's RFC assessment for Ms. Finlay includes some narrative discussion, that discussion is insufficient to permit me to ascertain the specific factual support for the ALJ's determination of Claimant's RFC. The ALJ does not identify any opinions or medical evidence to which he assigns any measurable weight. The ALJ's vague reference to support

gleaned from "the medical records in evidence" is deficient. (Tr. 15). Without additional information about the basis for the ALJ's opinion, I cannot evaluate his rationale. For that reason, the case will be remanded for further proceedings in accordance with this opinion.

**2. The ALJ Properly Evaluated Ms. Finlay's Credibility.**

Ms. Finlay contends that the ALJ did not properly assess her credibility. This contention lacks merit. An ALJ's credibility determination is afforded great weight. *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). The ALJ's credibility determination can properly be based on personal observations from the hearing, including an assessment of coached testimony, vagueness, or evasiveness. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005).

In his credibility evaluation, the ALJ provided extensive references to medical records indicating that Ms. Finlay repeatedly denied light-headedness, chest pain, palpitations, dizziness or syncope to her treating physicians. (Tr. 14). In contrast, Ms. Finlay described light-headedness with almost any physical exertion during her testimony at the hearing. *Id.* The cited discrepancies between the medical records and Ms. Finlay's hearing testimony provide substantial evidence to support the ALJ's adverse credibility finding.

The ALJ also relied upon the fact that Ms. Finlay had stopped working prior to the onset of her medical impairment to take care of her daughter. (Tr. 14-15). I agree with Ms. Finlay that her earlier decision to leave the workforce does not affect her subsequent eligibility for SSI, or her credibility in this proceeding. Regardless, because the ALJ's remaining narrative includes substantial evidence to support his adverse credibility finding, remand is not warranted on this basis.

**3. The ALJ Needs To Provide Additional Clarification Regarding His Hypothetical Question To The VE.**

During the hearing in this case, the ALJ posed the following hypothetical question to the VE:

> I want you to consider a hypothetical prospective employee with 14 years of education, who was born in 1962. Further assume that she can lift pounds frequently and 10 pounds on occasion. That this person can sit for eight hours in a normal workday with normal breaks. The person is limited to standing to two hours in a workday, but only in 30-minute increments. She is likewise limited to walking for two hours in a normal workday, but again, only in 30 minutes continuously. . . . Would you describe jobs performable with the limitations I have given?

(Tr. 36). The VE responded with three examples of jobs the hypothetical person could perform. (Tr. 36-37). The ALJ relied on that testimony in his determination that Ms. Finlay is not disabled. (Tr. 16).

*Denise Finlay v. Michael J. Astrue, Commissioner of Social Security*
Civil No. SAG-10-2020
October 19, 2012
Page 4

Ms. Finlay contends that the ALJ's reliance on the VE's testimony was improper because the hypothetical provided to the VE was less restrictive than the ALJ's final RFC determination. Specifically, she posits that the hypothetical refers to a person who can stand for two hours and walk for two hours in the same workday, for a total of four hours, while the RFC specifies that Ms. Finlay can "stand/walk in 30 minute increments totaling two hours."

The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Although that standard is deferential, and while the apparent discrepancy between the hypothetical and the RFC in this case may be explained by phrasing choices, this Court cannot determine on the current record whether the hypothetical and the RFC are in fact inconsistent. Moreover, this Court has no way of knowing whether the jobs suggested by the VE require more than two hours (but fewer than four hours) of standing/walking. The definition of "sedentary work" in 20 C.F.R. § 416.967(a) does not provide specific guidance on this issue. *See* 20 C.F.R. § 416.967(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."). As a result, on remand, the ALJ should remedy the apparent discrepancy or, if necessary, schedule another hearing to pose an accurate hypothetical question to the VE.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 17) and Defendant's motion for summary judgment (ECF No. 23) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge